## HUNGERFORD'S BANK a. THE POTSDAM AND WATERTOWN RAILROAD COMPANY.

*Supreme Court, Sixth District ; Special Term, December,* 1858.

USURY.—INDORSERS FOR CORPORATIONS.

A mere accommodation indorser for a corporation upon an usurious note made by them, cannot set up the defence of usury to avoid his liability.

Since the act of 1850 (*Laws of* 1850, 344), the contracts of corporations are no longer invalidated by usury.

Motion for judgment.

This action was brought on a promissory note made by the Potsdam and Watertown Railroad Company, indorsed by the other defendants, for $5000, payable in the city of New York. It was given to take up another note of the same amount, made and indorsed by the same parties, payable also in the city of New York; which had been protested, and which the plaintiff had been obliged to take up with New York funds. Plaintiff is located at Adams. When the note in suit was given, the defendant, the Potsdam and Watertown Railroad Company, paid to plaintiff the discount on it, and the exchange on the old note, being half of one per cent., that being the current rate of exchange between Adams and New York. The defence of usury was set up by the indorsers, and the case was tried at the Jefferson circuit in December, 1858.

*Merwin & Spratt*, for the plaintiff.

*H. L. Knowles*, for the defendants.

MASON, J.—This loan was made by the plaintiff to the defendant, the Potsdam and Watertown Railroad Company, and the other defendants were accommodation indorsers of the note. This note in suit was given in renewal of another note of the same amount, discounted by the plaintiff for the defendant, the Potsdam and Watertown Railroad Company. I find that the note in suit was given upon an agreement made between the plaintiff and the said Railroad Company, by which the plaintiff intended to get, and did get more than seven per cent. for the loan or forbearance of money. (The Seneca County Bank *a.* Schermerhorn, 1 *Den.*, 133 ; The Bank of the United States *a.* Davis and others, 2 *Hill*, 457 ; 7 *Paige*, 559 ; 17 *Ves.*, 444 ; *Carr & P.*, 101 ; 3 *Barn. & C.*, 276 ; 2 *Parsons on Cont.*, 384, 385, 390 ; 19 *J. R.*, 294.)

The contract, however, was a valid one as between the plaintiff and the principal debtor; the Potsdam and Watertown Railroad Company ; for the act of April 6, 1850 (see *Session Laws*, 344), must be construed as a virtual repeal of the statutes of usury, as to all contracts made by such corporations, stipulating to pay more than seven per cent. interest. (Curtis and others *a.* Leavitt, receiver, 15 *N. Y. R.*, 9, 85, 154, 174, 228, 229, and

230; John F. Butterworth a. O'Brien, 7 *Abbotts' Pr. R.*, 456; S. C., 16 *How. Pr. R.*, 503.) There would be no doubt that the defence of usury is made out in this case, were it not that this contract of loan was made to the defendant, the Potsdam and Watertown Railroad Company; as between that corporation and the plaintiff, the contract is valid, although here was an agreement to pay more than seven per cent. for the loan or forbearance of money. The only remaining question is whether these defendants, who are mere accommodation indorsers for this corporation, can set up this defence of usury.

The rule is a familiar one, that a contract can only be avoided for usury by the party who made it, or by some one standing in legal privity with him, and not by a stranger to the transaction. (Dix a. Van Wick, 2 *Hill*, 524 and 525; Green a. Morse, 4 *Barb.*, 341.) These indorsers, although not actual recipients of the money loaned, or in the strictest sense a party to the contract of loan, yet they are, as indorsers of this note, privies to the original contract, and liable upon it equally with the principal who borrowed the money; and, as privies, they have a right to set up any defence which the principal could. But when the contract is valid between the principal debtor and lender, I do not think the accommodation indorsers can say the contract is illegal as to him.

These indorsers have made no contract of loan with the plaintiff; as indorsers they are privies to the original contract of loan made by the defendant, the principal debtor. If I am right in this, then these indorsers are but nothing more than privies to a valid contract made by their principal, and of course cannot set up this defence of usury, when their principal debtor could not. This result is inevitable, unless we hold that these accommodation indorsers are to be deemed borrowers from the plaintiff, and each to have an independent contract with the plaintiff, or unless we hold them actual parties to contract of loan, neither of which can they strictly be regarded. In one sense they are parties to the original contract—that is, they are equally liable upon the note with the maker, and are parties to the note, but they have no defence which the maker has not.

The plaintiff is entitled to recover in this action against these indorsers, the amount of this note, which amounts, principal

and interest, to the sum of five thousand four hundred and sixty-six dollars and sixty-six cents, and for which sum I order judgment for the plaintiff, with costs to be taxed.